**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWNA LYNN MENDOZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 2:09-cv-01872-RCJ-RJJ |
| MET LIFE AUTO AND HOME INSURANCE ) | |
| AGENCY, INC., d.b.a. METROPOLITAN ) | **ORDER** |
| PROPERTY AND CASUALTY INSURANCE ) | |
| CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of Plaintiff Shawna Lynn Mendoza's automobile collision with a hit-and-run driver. Plaintiff's insurance company, Defendant Met Life Auto & Home Insurance Agency, Inc. ("Met Life") denied Plaintiff's claim under her uninsured motorist ("UM") policy in part, but accepted the claim in part. Several motions are pending before the Court. First, Third-party Defendant Jacob Transportation Services, LLC ("Jacob") has moved to dismiss the Third-party Complaint. Second, Met Life has moved to join Jacob as a Defendant. Third, Plaintiff has moved for partial offensive summary judgment. For the reasons given herein, the Court grants Jacob's motion, denies Met Life's motion, and grants Plaintiff's motion.

**I.  FACTS AND PROCEDURAL HISTORY**

On or about December 18, 2007, Plaintiff Shawna Lynn Mendoza was the victim of a hit-and-run collision. (Compl. ¶ 6, Aug. 24, 2009, ECF No. 34-1). At the time of the collision, Plaintiff held an insurance policy with Defendant, policy number 497524763 ("the Policy"),

which included uninsured motorist ("UM") coverage. (*Id.* ¶ 7). On October 28, 2008, Plaintiff demanded that Defendant Met Life Auto & Home Insurance Agency, Inc. ("Met Life") pay her the UM policy limit of $100,000. (*Id.* ¶ 9). Plaintiff rejected Defendant's counteroffer of $6700. (*See id.* ¶ 10; Opp'n Mot. Summ. J. 3:10–11, Aug. 23, 2010, ECF No. 29).

Plaintiff sued Defendant in state court. The Amended Complaint ("AC") lists three causes of action: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; and (3) Unfair Claims Practices Under Nevada Revised Statutes ("NRS") Section 686A.310. Defendant removed. The Court denied Plaintiff's motion to remand, rejecting Plaintiff's argument that under the "direct action" provision in 28 U.S.C. § 1332(c)(1) a defendant insurance company should be considered a citizen of the same state as its own insured who sues it. (*See* Order, Apr. 21, 2010, ECF No. 19 (ruling that the direct action provision of the statute applies to cases where a plaintiff sues a tortfeasor's insurance company, not his own insurance company)). Defendant filed a motion for summary judgment or to amend the answer to plead a third-party complaint against Jacob, whose driver Plaintiff suspected of hitting her. The Court denied the motion for summary judgment but granted leave for Defendant to amend its answer to plead a third-party complaint against Jacob. (*See* Order, Feb. 4, 2011, ECF No. 39). Defendant amended its answer and included the Third-party Complaint ("TPC"). Jacob has now moved to dismiss the TPC under the statute of limitations, Defendant has moved to join Jacob as a Defendant, and Plaintiff has moved for partial offensive summary judgment on the issue of UM coverage.

## II.     LEGAL STANDARDS

### A.     Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B.    Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party

to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

    **A.   Jacob's Motion to Dismiss the Third-party Complaint and Met Life's Motion to Join Jacob as a Defendant**

The Nevada Supreme Court has held in no uncertain terms that when the insurer of an injured party brings a subrogation action against the tortfeasor, the action sounds in tort, not in contract, and the two-year statute of limitations applicable to personal injury actions applies:

> Nevada's 2-year statute is applicable in [such a] case and . . . commences to run from the date the injuries of the insured were incurred. To rule otherwise would mean that an insurance company could withhold payment under the uninsured motorist policy for an unlimited period and then after payment seek recovery as the subrogee of its insured. Such practice would delay the settlement and disposition of such cases.

*State Farm Mut. Auto. Ins. Co. v. Wharton*, 495 P.2d 359, 362 (Nev. 1972). This is so because the relationship between the victim's insurer and the tortfeasor is derivative of the relationship

between the tortfeasor and the victim, not of the contractual relationship between the insurer and the victim, a relationship in which the tortfeasor has no part. *See id.* at 361 (citing *Hartford Ins. Grp. v. Statewide Appliances, Inc.*, 484 P.2d 569, 571 (Nev. 1971) (citing *Auto. Ins. Co. v. Union Oil Co.*, 193 P.2d 48, 50–51 (Cal. 1948))). The *Wharton* case was also an uninsured motorist case, *see id.* at 360, although the general rule announced therein would apply in the present case even if it had not been.

Here, the collision is alleged to have occurred on December 18, 2007. (*See* Am. Compl. ¶ 6, Aug. 24, 2009, ECF No. 1-2). Defendant became aware of the collision the next day. (*See* Mot. 3, July 28, 2010, ECF No. 24). Defendant requested leave to file the TPC against Jacob over two years later on July 28, 2010. (*See* Mot., July 28, 2010, ECF No. 24). The subrogation claim is therefore time-barred, and the Court both grants the motion to dismiss and denies the motion to join Jacob as a Defendant for the same reason.

Defendant attempts to characterize its claims as "contribution" or "equitable indemnity," but the claim is in reality for subrogation. First, contribution is a theory under which an active tortfeasor compels another active tortfeasor to pay the latter's fair share of the damage where a plaintiff has recovered or attempted to recover the entire amount against the first tortfeasor. *See, e.g.*, *Saylor v. Arcotta*, 225 P.3d 1276, 1278 (Nev. 2010) (discussing a contribution claim by an allegedly negligent automobile driver against an allegedly negligent surgeon, both of whom may have caused part of the harm). Here, Defendant is not alleged to be a jointly active tortfeasor with Jacob under any party's theory of the case, and the theory of contribution is therefore inapplicable.

Second, equitable indemnity is a theory similar to contribution under which a passive tortfeasor can recover from an active tortfeasor any measure of damages for which the former has been made liable to the plaintiff based on the latter's tortious acts. *See, e.g.*, *Black & Decker (U.S.), Inc. v. Essex Grp., Inc.*, 775 P.2d 698, 699 (Nev. 1989) (finding Black & Decker entitled

1  to equitable indemnity from Essex where Black & Decker was strictly liable to the plaintiff due
2  to its position in the stream of commerce but Essex was the actively negligent manufacturer).
3  Here, Defendant is not alleged to be a passive tortfeasor liable to Plaintiff based upon the
4  collision for which Jacob is allegedly actively liable, and the theory of equitable indemnity is
5  therefore inapplicable.

6  The applicable theory in this case is subrogation. "Subrogation is '[t]he principle under
7  which an insurer that has paid a loss under an insurance policy is entitled to all the rights and
8  remedies belonging to the insured against a third party with respect to any loss covered by the
9  policy.'" *Arguello v. Sunset Station, Inc.*, 127 Nev. Adv. Op. No. 29 (June 2, 2011) (quoting
10 Black's Law Dictionary 1563–64 (9th ed. 2009)). "[A]n insurer that pays its insured in full for
11 claimed losses is subrogated by operation of law to the rights, if any, which the insured may
12 have had against the tortfeasor before payment was made." *Duboise v. State Farm Mut. Auto.
13 Ins. Co.*, 619 P.2d 1223, 1224 (Nev. 1980). Defendant is not alleged to have any liability for the
14 collision itself, whether active (contribution) or passive (equitable indemnity), but rather has
15 simply been subrogated to Plaintiff's claim by operation of law by virtue of its payment to
16 Plaintiff for losses caused by the alleged tortfeasor, Jacob. The two-year statute of limitations on
17 the subrogated negligence claim ran before Defendant requested leave to file the TPC. *See*
18 *Wharton*, 495 P.2d at 362.[1]

19 **B.    Plaintiff's Motion for Partial Summary Judgment**

20 Plaintiff asks the Court to rule that Defendant has waived the right to argue that the UM
21 provision of the Policy does not apply. The Court grants the motion in this respect. As noted in
22 the order denying summary judgment to Defendant, Defendant made a written admission,
23 without reserving its rights to argue against coverage, that the value of the claim was greater than

---

[1]The public policy of Nevada prevents the subrogation of personal injury claims to automobile insurers, so the TPC would fail on the merits even if not time-barred, except perhaps as to property damage. *See Maxwell v. Allstate Ins. Cos.*, 728 P.2d 812, 814–15 (Nev. 1986).

1  zero. (*See* Letter, Apr. 7, 2009, ECF No. 29-5 ("As requested, please find enclosed our check in
2  the amount of $6,700 as the *undisputed value of the pending Uninsured Motorist claim* for your
3  client noted above." (emphasis added))).  Defendant thereby acknowledged the claim as valid by
4  attempting to pay Plaintiff $6700 under the UM provision; it simply disputed the extent of her
5  damages.
6      Plaintiff also asks the Court to rule that the UM provision applies to the collision at issue.
7  The Court grants the motion in this respect, as well.  The Court already made such a ruling in
8  substance, because the interpretation of a contract is a matter of law for the Court, and the Court
9  ruled that the hit-and-run vehicle in this case was not "known" under the policy when it denied
10 summary judgment to Defendant.  Plaintiff was not formally granted summary judgment on the
11 issue at that time, because she had not yet so moved.  She has so moved now, and the Court
12 grants the motion.

### CONCLUSION

14 IT IS HEREBY ORDERED that the Motion to Dismiss Third-party Complaint (ECF No.
15 58) is GRANTED.

16 IT IS FURTHER ORDERED that the Motion to Join Jacob's Transportation as a
17 Defendant (ECF No. 64) is DENIED.

18 IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment (ECF No.
19 74) is GRANTED.

20 IT IS SO ORDERED.
21 Dated this 3rd day of October, 2011.

_____
ROBERT C. JONES
United States District Judge