# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWNA LYNN MENDOZA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MET LIFE AUTO AND HOME INSURANCE ) <br> AGENCY, INC., d.b.a. METROPOLITAN ) <br> PROPERTY AND CASUALTY INSURANCE ) <br> CO., ) <br> ) <br> Defendant. ) <br> ) | 2:09-cv-01872-RCJ-RJJ <br><br> **ORDER** |

This case arises out of Plaintiff Shawna Lynn Mendoza's automobile collision with a hit-and-run driver. Pending before the Court are Third-party Defendant Jacob Transportation Services, LLC's ("Jacob") Motion for Attorney's Fees and Costs (ECF No. 94) and Defendant's Motion to Compel (ECF No. 96). For the reasons given herein, the Court denies attorney's fees, grants costs, and denies the motion to compel.

## I.  FACTS AND PROCEDURAL HISTORY

On or about December 18, 2007, Plaintiff was involved in a hit-and-run collision with an unknown driver. (Compl. ¶ 6, Aug. 24, 2009, ECF No. 34-1). At the time of the collision, Plaintiff held an insurance policy with Defendant, policy number 497524763 ("the Policy"), which included UM coverage. (*Id.* ¶ 7). On October 28, 2008, Plaintiff demanded that Defendant pay her the UM policy limit of $100,000. (*Id.* ¶ 9). Plaintiff rejected Defendant's counteroffer of $6700. (*See id.* ¶ 10; Opp'n Mot. Summ. J. 3:10–11, Aug. 23, 2010, ECF No.

29).

Plaintiff sued Defendant in state court. The Amended Complaint ("AC") lists three causes of action: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; and (3) Unfair Claims Practices Under Nevada Revised Statutes ("NRS") Section 686A.310. Defendant removed. The Court denied Plaintiff's motion to remand. Defendant filed a motion for summary judgment or to amend the answer. The Court denied the motion for summary judgment, ruling that the vehicle that hit Plaintiff was "unknown" under the language of the policy when that ambiguous term was interpreted to Plaintiff's benefit. The Court granted Defendant leave to amend its answer to plead a third-party complaint against Jacob, the company owning the vehicle that Plaintiff originally thought hit her. Defendant brought third-party claims against Jacob for indemnification and contribution, and Jacob moved to dismiss under the statute of limitations. The Court granted Jacob's motion because: (1) the only potentially viable third-party claim against Jacob was for subrogation, not indemnification or contribution, and the statute of limitations ran on a subrogation claim before Defendant requested leave to plead any third-party claims against Jacob; and (2) the public policy of Nevada prevented the subrogation of personal injury claims to insurers, in any case. The Court then granted partial offensive summary judgment to Plaintiff, ruling that the UM provision of the Policy applied and that Defendant had waived the right to argue that it did not, in any case. Jacob has now moved for attorney's fees and costs against Defendant.

## II. LEGAL STANDARDS

Rule 54 requires an award of costs to a prevailing party and permits an award of attorney's fees to a prevailing party if provided for elsewhere (by statute, rule, or contract). *See* Fed. R. Civ. P. 54(d). Local Rules 54-1 and 54-16 contain procedural and evidentiary requirements for fee awards. State law governing attorney's fees applies in federal diversity cases when the requested fees are tied to the substance of the case, as opposed to procedural

1 misconduct. *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837–38 (9th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Nevada Revised Statutes section 18.010 provides a trial court discretion to award attorney's fees to a prevailing party, *inter alia*, where a third-party complaint is brought or maintained "without reasonable ground." *See* Nev. Rev. Stat. § 18.010(2)(b).  Claims are groundless under section 18.010 if not supported by any evidence in the record. *See Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687–88 (Nev. 2009).

### III. ANALYSIS

Defendant argues that because Jacob won no money judgment against Defendant, it is not a prevailing party under section 18.010(2)(a) and is therefore not entitled to attorney's fees under that section. *See Smith v. Crown Fin. Servs. of Am.*, 890 P.2d 769, 771 (Nev. 1995).  But Jacob invokes section 18.010(2)(b), which provides for attorney's fees to a party that successfully defends a groundless third-party claim.  Jacob requests $17,766 in attorney's fees and $648.26 in costs.  Although Defendant's third-party claim against Jacob was in the nature of subrogation, not indemnification or contribution, the statute of limitations on a subrogation claim had run, and Defendant could not be subrogated to a personal injury claim in Nevada, in any case, the Court does not find that Defendant's unmeritorious claim rose to the level of groundlessness under the statute.  The Court will therefore deny attorneys' fees.  Defendants are entitled to costs under Rule 54(d), however.  Finally, Defendant includes in its response a motion to compel Jacob to provide information concerning its fleet of vehicles.  This motion is denied.  Defendant's third-party claims have been dismissed, and Defendant therefore has no basis for requesting any discovery whatever from Jacob at this stage.

///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 94) is GRANTED in part and DENIED in part.  Jacob is entitled to costs of $648.26.

IT IS FURTHER ORDERED that the Motion to Compel (ECF No. 96) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of December, 2011.

_____
ROBERT C. JONES
United States District Judge