# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWNA LYNN MENDOZA,        ) <br> ) <br> Plaintiff,         ) <br> ) <br> vs.              ) <br> ) <br> MET LIFE AUTO AND HOME INSURANCE ) <br> AGENCY, INC., d.b.a. METROPOLITAN ) <br> PROPERTY AND CASUALTY INSURANCE ) <br> CO.,              ) <br> ) <br> Defendant.         ) <br> _____) | 2:09-cv-01872-RCJ-RJJ <br><br> **ORDER** |

This case arises out of Plaintiff Shawna Lynn Mendoza's automobile collision with a hit-and-run driver. Pending before the Court is Plaintiffs' prior attorney's motion to adjudicate an attorney's lien against Plaintiff's settlement award. Plaintiff has not responded. For the reasons given herein, the Court grants the motion in part.

## I.   FACTS AND PROCEDURAL HISTORY

On or about December 18, 2007, Plaintiff was involved in a hit-and-run collision with an unknown driver. (Compl. ¶ 6, Aug. 24, 2009, ECF No. 34-1). At the time of the collision, Plaintiff held an insurance policy with Defendant, policy number 497524763 ("the Policy"), which included UM coverage. (*Id.* ¶ 7). On October 28, 2008, Plaintiff demanded that Defendant pay her the UM policy limit of $100,000. (*Id.* ¶ 9). Plaintiff rejected Defendant's counteroffer of $6700. (*See id.* ¶ 10; Opp'n Mot. Summ. J. 3:10–11, Aug. 23, 2010, ECF No. 29).

1    Plaintiff sued Defendant in state court. The Amended Complaint ("AC") listed three
2 causes of action: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair
3 Dealing; and (3) Unfair Claims Practices Under Nevada Revised Statutes ("NRS") Section
4 686A.310. Defendant removed. The Court denied Plaintiff's motion to remand. Defendant filed
5 a motion for summary judgment or to amend the answer. The Court denied the motion for
6 summary judgment, but granted Defendant leave to amend its answer to plead a third-party
7 complaint against Jacob Transportation Services, LLC ("Jacob"), the company owning the
8 vehicle that Plaintiff originally thought hit her. Defendant brought third-party claims against
9 Jacob for indemnification and contribution, and Jacob moved to dismiss under the statute of
10 limitations. The Court granted Jacob's motion. The Court then granted partial offensive
11 summary judgment to Plaintiff, ruling that the UM provision of the Policy applied and that
12 Defendant had waived the right to argue that it did not. The Court granted in part Jacob's
13 motion for attorney's fees and costs against Defendant, awarding costs but not fees.

    Plaintiff's Attorney, Marjorie Hauf of Ganz & Hauf, moved to withdraw, deposit funds,
15 and stay all proceedings, and Defendant asked the Court to enforce a settlement agreement.
16 Attorney Sheri Ann Forbes of Rosenfeld, Bauman, and Forbes then entered an appearance on
17 behalf of Plaintiff. The Court granted the motions to withdraw and deposit funds but denied the
18 motion to stay. At the hearing on the motion to enforce the settlement agreement, the parties
19 notified the Court they had settled. The parties then filed a stipulation to dismiss the case with
20 prejudice, closing the case. Attorney Hauf has now asked the Court to adjudicate an alleged
21 attorney's lien against Plaintiff's settlement proceeds created under state law pursuant to the fee
22 agreement between Attorney Hauf and Plaintiff.

23 **II.   LEGAL STANDARDS**

24    Under Nevada law, a trial court has incidental jurisdiction to adjudicate an attorney's lien
25 dispute arising out of representation in the underlying litigation in certain circumstances. *See,*

1  *e.g.*, *Cashman v. Colo. Cas. Ins. Co.*, No. 2:10-cv-01852-RLH-GWF, 2011 WL 2149606, at *2

2  (D. Nev. June 1, 2011) (Foley, Mag. J.) (quoting *Gordon v. Stewart*, 324 P.2d 234, 236 (Nev.

3  1958)). However:

> when an attorney does not have an enforceable charging lien, a client does not move the court to resolve the retaining lien, or the client refuses to consent to the court's adjudication of a retaining lien, the proper method by which the attorney should seek adjudication of the fee dispute is an action against his or her former client in a separate proceeding.

*Argentina Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 787 (Nev. 2009). "A charging lien is a lien on the judgment or settlement that the attorney has obtained for the client." *Id.* at 783–84 (citing Nev. Rev. Stat. § 18.015; *Figliuzzi v. Distr. Court*, 890 P.2d 798, 801 (Nev. 1995)). Such a lien arises only if a client has asserted an affirmative claim for damages. *Id.* at 783. Nevada's attorney's lien statute reads:

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted. *The lien is for the amount of any fee which has been agreed upon by the attorney and client.* In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.
>
> 2. An attorney perfects the lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action.
>
> 3. The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.
>
> 4. On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 5. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

Nev. Rev. Stat. § 18.015 (emphasis added).

### III. ANALYSIS

Attorney Hauf asks the Court to enforce a charging lien. Plaintiff sued Defendant for damages. Therefore, the Court has incidental jurisdiction to adjudicate the fee dispute, assuming the right to fees under the fee agreement arose before she withdrew. *See Argentina Consol. Mining Co.*, 216 P.3d at 786 ("[T]he district court has jurisdiction to adjudicate a fee dispute in the underlying action upon the existence of an enforceable charging lien . . . ."). If, however, her right to fees is based purely upon a quantum meruit theory, i.e., if her claimed right to fees did not arise under the fee agreement directly under the terms of the fee agreement before she withdrew, then Attorney Hauf must seek relief in a separate proceeding in state court. *See id.*

Attorney Hauf represented Plaintiff in this case for two-and-a-half years, through discovery and dispositive motion practice, obtaining a tentative settlement of $37,500 in November 2011. Plaintiff terminated Attorney Hauf in late November before the settlement was finalized and paid. Attorney Hauf sent Plaintiff and Plaintiff's new counsel a copy of her notice of attorney's lien by first class and certified mail in November 2011. Attorney Hauf attaches a copy of the fee agreement providing for a contingency fee of 40% of any settlement, judgment, or award received after filing suit. (*See* Fee Agreement ¶ 1.B, Mar. 3, 2009, ECF No. 120-1). The agreement also provides for the deduction of costs from any recovery after attorney's fees have been deducted. (*See id.* ¶ 2). Most importantly, the paragraph governing withdrawal and discharge states in relevant part:

> The Firm's discharge by Client prior to settlement of the claim shall be upon written notice to the Firm. Upon discharge of the Firm, Client shall immediately pay the Firm all costs advanced, and fees of Five Hundred Dollars ($500) per hour, or a reasonable fee, or Thirty-Three and One-Third Percent (33 1/3%) (Forty Percent (40%) after filing suit as defined above) of the latest offer of settlement, whichever is more.

(*Id.* ¶ 3). Therefore, even if the tentative settlement agreement was not yet enforceable when Attorney Hauf withdrew, under the terms of the fee agreement, she is entitled to 40% of the

1  settlement in fees, plus costs, if Defendant had made the offer of $37,500 before withdrawal.
2  Attorney Hauf adduces Defendant's offer in this amount in a letter from Defendant's counsel
3  dated November 16, 2011, two weeks before Attorney Hauf moved to withdraw and six days
4  before Attorney Hauf filed her notice of attorney's lien. (*See* Letter, Nov. 16, 2011, ECF No.
5  120-2).  Because the charging lien arose under the terms of the fee agreement before Attorney
6  Hauf withdrew, the Court has incidental jurisdiction to enter judgment as to the lien, and
7  Attorney Hauf need not seek a quantum meruit remedy in a separate action.  Forty percent of
8  $37,500 is $15,000.  Attorney Hauf adduces a copy of an itemized list of advanced costs totaling
9  $14,879.50. (*See* Advanced Costs, ECF No. 120-4).

10       The Court grants the motion in part.  The Court will equitably reform the fee agreement
11  to provide for deduction of costs before application of 40% for fees.  The result is $14,879.50 for
12  costs and $9048.20 for fees, for a total of $23,927.70.  A judgment in this amount will be
13  awarded in favor of Hauf and against Plaintiff and her new law firm (to the extent the firm still
14  retains any funds in trust for Plaintiff), jointly and severally.  As indicated at oral argument, Hauf
15  shall prepare the proposed judgment.  The Court via this order adjudicates only the lien and does
16  not purport to adjudicate any potential wrongdoing by Plaintiff's new attorneys via their
17  disposition of disputed funds to Plaintiff or other purported lienholders.

**CONCLUSION**

19       IT IS HEREBY ORDERED that the Motion to Adjudicate Attorney's Lien (ECF No.
20  120) is GRANTED in part.

21       IT IS SO ORDERED.

22  DATED this 6th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge